IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*********************************
UNITED STATES OF AMERICA,                      Case No. 3:17-CR-254 (GTS)

    v.

MISTI EVANS,                                   GOVERNMENT'S SENTENCING
                     Defendant.        MEMORANDUM
***********************************

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose a sentence within the defendant's resulting Guidelines range.

# I

# INTRODUCTION

On March 13, 2018, the defendant pled guilty pursuant to a plea agreement to Count One of the Indictment in this case, charging a Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846 (Count One). The defendant is scheduled to be sentenced on July 25, 2018, in Syracuse, New York.

# II

# APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1) **Statutory Sentencing Provisions**

The government agrees with the recitation of the statutory maximum and minimum terms of incarceration, supervised release, and fines set forth in the PSR.

**2) Guidelines Provisions**

    **a. Plea Agreement**

Pursuant to the plea agreement in this case, the parties have stipulated to certain Guideline levels, as described in the PSR ¶ 5. The plea agreement also sets forth that the defendant waives any appeal of a sentence of imprisonment of 151 months or less. PSR ¶ 5.

    **b. Base Offense Level and Special Offense Characteristics**

The government does not object to the Probation Office's calculation of the defendant's Offense Level under the Sentencing Guidelines.

    **c. Criminal History Category**

The government does not object to the Probation Office's determination of the defendant's criminal history category under the Guidelines.

    **d. Guidelines Range and Sentence**

The government does not object to the Probation Office's determination of the Guidelines sentence in this case.

## III

### GOVERNMENT'S SENTENCING RECOMMENDATION

The Government respectfully submits that a sentence of incarceration within the resulting Guidelines range is appropriate in this case.

The defendant personally obtained half-ounce to full-ounce quantities of methamphetamine from co-defendants Charles Green and Kenneth Wilson, which the defendant resold to customers in the Binghamton area. As reflected in intercepted calls regarding the defendant's drug debts, some of those drugs were "fronted" to the defendant (i.e., provided on consignment). Accordingly, while the defendant's role in the conspiracy was less than that of her

co-defendants, she still played an important role in the distribution of methamphetamine being imported from Mexico via Arizona.

The defendant's criminal conduct appears to have been prompted, at least in part, by substance abuse and poor relationship choices. Although it appears that the defendant enjoyed a stable and nurturing childhood, she began at a young age to associate with criminals and to abuse drugs. That drug abuse took place while her children were residing with her. (PSR ¶ 68.) In addition, it is noteworthy that the defendant appears to have continued to engage in criminal conduct, even after her arrest on these federal charges. (PSR¶ 63.)

For the foregoing reasons, a sentence within the resulting Guidelines range is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).[1]

Respectfully submitted this 3rd day of July, 2018

                              GRANT C. JAQUITH
                              United States Attorney

By:    */s/ Nicolas Commandeur*
        Nicolas Commandeur
        Assistant United States Attorney
        Bar Roll No. 518984

---

[1] The government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed. R. Crim. P. 32(i)(1)(c), 32(h). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendation submitted by the United States Probation Office.